Argued September 4, affirmed September 8, rehearing denied December 8, 1914.

## CLARK v. HOOD RIVER COUNTY.

### (143 Pac. 897.)

**Counties—Bonds—Submission to Popular Vote—Petition and Notice.**

1.   Under Laws of 1913, page 170, Section 3, requiring the petition for a county road bond election to set out the amount of bonds to be issued, the length of time they shall run, and the maximum rate of interest they shall bear, a petition for an election for the issuance of bonds in a given sum to run for 20 years and bear interest at 8 per cent per annum, to be redeemed one tenth annually, beginning at the end of the tenth year, and a notice following the petition, are sufficient.

**Counties—Submission to Popular Vote—Petition.**

2.   Under Laws of 1913, page 663, providing for a state highway commission and state highway engineer, and making his books and records public records, a petition for a county road bond election, describing the location of the road by reference to a highway established by the State Highway Commission, a copy of whose proceedings was on file in the county, sufficiently designated the location of the road.

**Counties—Bonds—Submission to Popular Vote—Irregularities.**

3.   Under Laws of 1913, page 174, Section 11, providing that the order of the county court declaring the result of a county road bond election shall be absolutely conclusive as to the regularity of the proceedings, while an entire lack of the description of the road will render the proceedings void, mere irregularities are cured by the order of the court declaring the result of the election.

From Hood River: WILLIAM L. BRADSHAW, Judge.

In Banc.     Statement by MR. CHIEF JUSTICE MC-BRIDE.

This is a suit brought by W. L. Clark against Hood River County, Oregon, a municipal corporation, and E. E. Stanton, E. Hawkes, and J. O. Hannum, as members of the board of county commissioners for Hood River County, to enjoin the County Court from issuing and delivering $75,000 permanent road bonds to S. Benson, the purchaser thereof, which bonds are attempted to be issued in pursuance of a special election

held in said county on the 15th day of July, 1914. The proceedings are admitted to be regular, excepting the petition for the election and the notice of the election, which, it is claimed, are irregular, and render the proposed bond issue void. It is contended by the appellant: (1) That the petition for the election is defective, in that it does not comply with Section 3, Chapter 103, Laws of 1913, in stating the length of time the bonds shall run; that the language therein, in this particular, is ambiguous, and is as follows:

"To run for a period of 20 years and bear interest at the rate of 5 per cent per annum. To be redeemed one tenth annually, beginning at the end of the tenth year."

It will be noted: That 10 annual payments beginning at the end of the tenth year would all mature within 19 years, and hence the language is inconsistent and repugnant to the first statement that they are to "run for a period of 20 years." (2) That the western terminus of the proposed road to be improved is indefinite, as no road has been built or officially adopted by the county known as "Columbia River Highway," and the same can only be located by a resort to the maps submitted to the board of county commissioners by the State Highway Commission, or an inspection of the records of the said State Highway Commission. (3) That the notice of election is defective in attempting to describe the maturity of the bonds therein, the language being ambiguous, contradictory, repugnant and uncertain, and is as follows: "To mature in twenty years, one tenth to be redeemed annually at the end of the tenth year." That said defects are so vital that no power is conferred upon the board of county commissioners, by the election which followed, to incur

73 Or.—22

any indebtedness exceeding $5,000 for permanent road construction; hence the bond issue herein sought to be enjoined is *ultra vires* and void. The petition for the election is as follows:

"To the Honorable County Court, Hood River County, State of Oregon:

"We, the undersigned registered voters of Hood River County, Oregon, respectfully petition that you call a special election for the purpose of submitting to the voters of this county the question of issuing bonds to provide for the construction of a permanent road in this county, to the amount of $75,000, to run for a period of twenty years, and bearing interest at the rate of 5 per cent per annum; to be redeemed one tenth annually beginning at the end of the tenth year. The money raised from the aforesaid bond issue is to be expended in the opening, construction and improving the Columbia River Highway, between the westerly boundary of Hood River County and the town of Viento, so as to connect existing roads to afford continuous wagon travel through Hood River County."

The notice of special election is in the following words:

"Notice of Special Election.
"For Issuing Road Bonds for Hood River County.
"Notice is hereby given, that on the 15th day of July, 1914, at the polling place in the precinct of —— a special election will be held in Hood River County, Oregon to determine whether the County Court shall issue bonds of said county to provide for permanent road construction to. the amount of $75,000, to mature in twenty years, one tenth to be redeemed annually at the end of the tenth year, no more than $75,000 to be issued in any one year, and to bear interest at the rate of 5 per cent per annum, and the funds so raised shall be expended in building a permanent road described as follows, to wit: $75,000 shall be expended on the road known as the Columbia River Highway between the westerly boundary of Hood River County

and the town of Viento in said county, so as to connect existing roads to afford continuous wagon-road travel between said points.  Which election will be held at 8 o'clock in the morning and will continue until 8 o'clock in the afternoon of said day.

"Dated this 23d day of June, 1914.

"[Signed]   W. E. HANSON,

"County Clerk."

The ballots used at the election were in the following form:

|                        |                        |
|------------------------|------------------------|
| "Stub.                 | Stub.                  |
| To be torn off by      | To be torn off by      |
|   The chairman. |   the first clerk. |

Official ballot for —— Precinct.

Hood River County, July 15, 1914.

Mark (X) between the number and answer voted for.

Ordered by Petition of the People.

Shall there be issued bonds of Hood River County to the amount of seventy-five thousand ($75,000) dollars, one tenth due each year beginning at the end of the tenth year, with interest at (5%) per cent per annum, to provide for permanent road construction?

300       Yes.              Vote Yes or No.

301       No."

At the election 1,502 votes were cast in favor of the bond issue and 425 votes against it.  The County Court made an order declaring that the proposition to issue bonds had carried at the election, and authorized and directed such issue.  Prior to the date of the petition the Oregon State Highway Commission, at the request and expense of the county, made and filed a complete official map of said Columbia River Highway, showing a complete survey of the same, beginning at the westerly boundary of Hood River County and extending easterly along the Columbia River to the town of Viento; the said westerly beginning being described by proper ties to government section cor-

ners.   Thereafter a petition was duly presented to the
board of county commissioners to establish the same
as a county highway, but up to the time of filing the
petition for a special election the said highway had
not been opened nor said survey officially adopted by
the board.   To a complaint substantially setting forth
the foregoing facts the defendants filed a general
demurrer, which was sustained, and the suit was dis-
missed.   From such order the plaintiff appeals.

AFFIRMED.   REHEARING DENIED.

For appellant there was a brief over the names of
*Mr. Lynn B. Coovert* and *Mr. Elmer E. Coovert,* with
an oral argument by *Mr. Lynn B. Coovert.*

For respondent there was a brief and an oral argu-
ment by *Mr. A. J. Derby,* District Attorney.

Opinion by MR. CHIEF JUSTICE McBRIDE.

1. The proceeding to hold an election on the ques-
tion of issuing county bonds to be used for the con-
struction and maintenance of the road in question was
instituted under Chapter 103, Laws of 1913, Section
3 of which requires that the petition for holding such
election shall "set out and specify the amount of bonds
proposed to be issued, the length of time they shall
run, and maximum rate of interest they shall bear."
We think the petition and notice comply substantially
with this provision, and that nobody was misled or
could have been misled by the language employed.

2. It is urged that the petition is defective in not
stating with sufficient definiteness the beginning and
terminus of the proposed road.   Chapter 339, Laws of
1913, provides for a state highway commission, and
requires such commission to appoint a state highway

engineer, and further provides that the books and records of his office shall be public records. His survey and plan of the proposed road was therefore a public record, and as such presumed to be known to the citizens of the state generally. In addition to this it is alleged that a copy of said survey was on file in the county. The petition and notice treat it as an actual definite survey upon the ground, and there is no allegation in the complaint that there was any actual indefiniteness or want of knowledge on the part of any voter as to its location. We think this is sufficient. Better and more definite language might have been chosen and a better description made, but the one actually given is not so indefinite as to be wholly void.

3. While an entire lack of description will render the proceeding void, mere irregularities are cured by the order of the court declaring the result of the election: Laws 1913, c. 103, §. 11.

Finding no error, the decree of the Circuit Court is affirmed.      AFFIRMED.   REHEARING DENIED.

MR. JUSTICE BEAN took no part in the consideration of this case.