Submitted on brief July 5, affirmed July 10, 1916.

## STAPLES v. ASTORIA.

(158 Pac. 518.)

**Elections—Notice—Condition Precedent.**

1. The notice of a special election required by law to be given
constitutes a condition precedent, which must be observed to validate
matters voted upon at such election.

**Municipal Corporations—Initiative and Referendum—Failure to Pub-
lish Notice.**

2. Where an ordinance requires the publication of a notice of a
proposed initiative measure, amending the city charter, for a cer-
tain time, failure to publish such notice at the required time will
vitiate the amendment.

Municipal Corporations—Initiative and Referendum—Notice—Publication.

3.   Under Ordinance 4799 of the City of Astoria, touching notice of a special election at which charter amendments were to be submitted, where February 16th and 17th, more than 30 days prior to such an election and after passage of the ordinance proposing the amendment and containing its text, the officers of the city posted 82 notices of the election in the different wards, and caused a notice of election containing the charter amendments to be published in the official newspaper of the city once each day for 12 successive issues, the first insertion appearing March 1 and the last March 14, 1916, the election being held March 22, 1916, there was a compliance with the ordinance.

[As to the necessity for notice or proclamation of election, see note in 120 Am. St. Rep. 794.]

From Clatsop: JAMES A. EAKIN, Judge.

In Banc.   Statement by MR. JUSTICE BEAN.

This is a suit by Norris Staples to enjoin the City of Astoria from issuing and negotiating $50,000 in municipal bonds.   From a decree in favor of defendants, plaintiff appeals.   The amendment to the city charter, authorizing the proposed bond issue, among several other amendments, was adopted by a vote of the electors of the municipality at a special election held therein on Wednesday, March 22, 1916.   The plaintiff is a taxpayer of the City of Astoria.   He pleaded the various ordinances providing for such city election, the notice of election, and all proceedings connected therewith.

The defendants filed a demurrer to the complaint, which the court sustained, and dismissed the suit.

Submitted on briefs under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).

AFFIRMED.

For appellant there was a brief submitted by *Mr. Clarence J. Curtis.*

For respondents there was a brief prepared and presented by *Mr. A. W. Norblad,* City Attorney, and *Mr. Frank C. Hesse,* Deputy City Attorney.

MR. JUSTICE BEAN delivered the opinion of the court.

Plaintiff contends that the special election was null and void on account of the insufficiency of the notice given therefor by failing to publish the same in at least 10 issues, all within two weeks immediately preceding said special election, as provided by Ordinance No. 4799; the first notice having been published on March 1, 1916, and the last on the 14th of that month. The common council of the city regularly adopted an ordinance proposing the amendment to its charter so as to authorize the bond-issue. The time and manner of giving notice of a special election held for the purpose of submitting a proposed amendment to the city charter is provided by Section 4 of Ordinance No. 4799, as follows:

"Whenever the common council has passed an ordinance or ordinances providing for the submission of proposed amendments to the electors of the City of Astoria, at a special election, and an ordinance has been passed by said city council providing for such special election, the auditor and police judge of said city shall at least 30 days prior to the time when said election is to be held, cause notices thereof to be given to the electors of said city, by posting fifty (50) notices announcing the passage of the ordinance containing the text of such proposed amendment and to cause five (5) or more of such notices to be posted in conspicuous places in each ward of the said City of Astoria, and a notice stating the time and place of election, and said auditor and police judge shall cause such notice containing the text of said proposed amendment, stating the time and place of said special election to be pub-

lished in the official newspaper of said City of Astoria, in at least ten issues within two weeks prior to said special election.''

The notice of election was as follows:

"Notice of Special City Election to be Held March 22, 1916,

"And Amendments to the City Charter to be Voted upon.

"Notice is hereby given that on the 22d day of March, A. D. 1916, a special election will be held in and for the City of Astoria, Clatsop County, State of Oregon, at which time amendments to the charter of the City of Astoria, Oregon, will be voted upon by the legal electors of said city, said amendments being proposed by ordinances of the City of Astoria, passed by the common council thereof, containing an emergency clause and approved by the mayor of said city, and referred to the people of the City of Astoria, Oregon, for their approval or rejection, by the common council of said city; the text, and form in which said amendments will appear upon the ballot being as follows [all of which are set forth].''

The title to the amendment authorizing the bond issue is ordained in the following language:

"Section 4.   The title of the proposed amendment, as hereinbefore set forth, to be voted upon at such special election shall be as follows: An act to amend Section 132 of the existing municipal charter of the City of Astoria; providing a limit of indebtedness of said city and the issuance of bonds in the sum of $50,000.00 to fund outstanding city warrants. * * All as per order of common council of the City of Astoria.                    OLOF ANDERSON,
                "Auditor and Police Judge."

It appears from the record that on February 16th and 17th, more than 30 days prior to the date of the election, and after the passage of the ordinance pro-

posing the amendment and containing the text thereof, the officers of the city posted 82 notices in the different wards of the city, conforming to the requirements of the ordinance, and caused a notice of the election containing the charter amendments to be voted upon to be published in the "Astoria Daily Budget," the official newspaper of the city, "once each day for 12 successive issues," the first insertion appearing March 1, 1916, and the last March 14, 1916. The claim of the plaintiff is that the last publication should have been on March 18th of that year.

1, 2. It is the rule in this state that at a special election the notice thereof required by law to be given constitutes a condition precedent which must be observed in order to validate measures voted upon at such an election: *Marsden* v. *Harlocker,* 48 Or. 90 (85 Pac. 328, 120 Am. St. Rep. 786); *Guernsey* v. *McHaley,* 52 Or. 555 (98 Pac. 158). Where an ordinance requires the publication of a notice of a proposed initiative measure for a certain time, the failure to publish such a notice at the required time will vitiate the amendment: *State* v. *Dalles City,* 72 Or. 337 (143 Pac. 1127); *Wright* v. *City of McMinnville,* 59 Or. 397 (117 Pac. 298); *State* v. *Sengstacken,* 61 Or. 455 (122 Pac. 292, Ann. Cas. 1914B, 230). Section 9 of Ordinance No. 4799 of the city charter provides as follows:

"The provisions of this ordinance are directory only, and substantial compliance with the spirit and intent of this ordinance shall be sufficient."

In 9 R. C. L., page 992, it is stated:

"And it is equally clear in the case of special elections wherein the necessity for notice is so much more urgent, that the rule as to compliance with statutory requirements in the giving of notice should be much more strictly enforced. Considerable liberality is,

however, allowed even in these elections, and it is a rule of pronounced authority that the particular form and manner pointed out by a statute for giving notice is not essential, provided, however, there has been a substantial compliance with statutory provisions. * * This liberal rule is based upon the theory that where the people have actually expressed themselves at the polls the courts are strongly inclined to uphold rather than to defeat the popular will.   But there must be at least a substantial compliance with the statutory provisions in order that the notice may be held to be constructive.''

3. It seems to us that this important question is solved by asking and answering the following interrogatories, developing the meaning of Section 4 of Ordinance 4799: (1) Who is to cause the notice of such an election to be given?   A. That duty devolves upon the auditor and police judge.   (2) At what time before the election must such notice first be made public? A. The ordinance directs that it be published by posting at least 30 days prior thereto.   (3) For what time or how many times shall the notice be published in the official newspaper?   A. In at least 10 issues. (4) At what period prior. to the date for balloting should the last publication in the official newspaper be made?   A. At some time within the two weeks prior thereto.   The same meaning would be conveyed by stating that such publication should be not more than two weeks before the election.   These seem to be the essential requirements ordained by the city as to the time and manner of publishing a notice to the electors of the city.   The object of the last specification as to the time was evidently made in order that the publication of the notice should not be completed at a date so long prior to the time fixed for the voting that the same would be likely to escape the memory or

attention of the electors, but, on the contrary, would be fresh in their minds. The notice in question fulfilled the requirements of the ordinance in this respect, and also as to the substance thereof. It was sufficient and valid to authorize the election. It might make Section 4 of the ordinance read more smoothly if the last clause should be framed so as to read "in at least 10 issues (and) within the two weeks." It is the substance of the notice, and not the phraseology, that should be considered. When the intent of the lawmakers and the object and purpose of the law are plainly manifest, and the same are not inconsistent with or outside the terms of the law, it is not permissible to defeat the intent and purpose merely because they are not defined and declared in the most complete and accurate language: Black, Interpretation of Laws, § 35, p. 73.

In the present case we think the notice and publication thereof may be said to be a strict compliance with the requirements of the ordinance, which properly directs the manner of giving notice of special elections. From a careful examination of the record and the proceedings leading up to and constituting the special election amending the charter of the City of Astoria so as to authorize the issuance of the $50,000 in bonds, we find a fair and strict compliance with the requirements of the law governing the same. The position of the plaintiff is not well taken.

The decree of the lower court sustaining the demurrer to the complaint and dismissing the suit was therefore correct, and should be affirmed; and it is so ordered.                                          AFFIRMED.

MR. JUSTICE EAKIN took no part in the consideration of this case.

Mr. Justice Harris delivered the following dissenting opinion:

The special election was held on March 22, 1916. The proof of publication shows that the notice of the special city election was published in a newspaper "once each day for 12 successive issues, the first insertion in the issue of March 1, 1916, the last in the issue of March 14, 1916." Two Sundays, the fifth and twelfth days of the month, are included in the first 14 days of March, and it is probable that this circumstance affords the explanation for the 12 publications during the period of 14 days. "Two weeks prior to said special election" would commence with March 8th. Assuming, therefore, that the notice was published each day, except Sundays, from the 1st to the 14th, then it follows that there were only six publications within the two weeks prior to the special election. The ordinance requires that the notice shall be published in the official newspaper "in at least ten issues within two weeks prior to said special election." There must be 10 publications, and those 10 publications must all be within a period of two weeks immediately preceding the election, and the language "within two weeks prior to said special election" cannot, in my opinion, reasonably and fairly be given any other interpretation. Six publications are only one more than half the requisite number. Notice is jurisdictional. I cannot concur in the conclusion that there has been a strict compliance with the ordinance because, as I read the record, there was not even a substantial compliance with the plain requirements of the ordinance. Manifestly the very design and purpose of publishing "ten issues within two weeks prior to said special election" is to keep fresh in the minds of

the voters the fact that an election is to be held.   The
time of the publication is just as essential as the num-
ber of publications.   In my opinion the decree should
be reversed.

MR. JUSTICE BURNETT concurs in this dissent.

---

Motion to dismiss appeal denied February 29, 1916.
Argued on the merits June 1, reversed June 13, rehearing denied July
11, 1916.