Argued April 5, affirmed April 26, 1927.

# DANT & RUSSELL, INC., v. WALTER M. PIERCE, GOVERNOR, ET AL.

## (255 Pac. 603.)

**Pleading — Demurrer Admits Truth of All Material Allegations (Or. L., § 79).**

1. A demurrer admits the truth of all material allegations of the cause to which it is interposed, in view of Section 79, Or. L.

**Constitutional Law—Under "Due Process" Requirement, Owner is Entitled to Hearing Before Commission or Subordinate Quasi-Judicial Body Empowered to Determine Amount of Taxes.**

2. "Due process" requires that, when the legislature delegates to a commission or to some other subordinate *quasi*-judicial body the power to determine the amount of taxes to be assessed on property, the owner must at some stage of the proceeding be afforded an opportunity to be heard.

**Constitutional Law—Taxpayer Denied Hearing on Proposed Assessment of Additional Income Tax was Denied Due Process (Laws 1923, p. 423, § 23, subd. 1; p. 427, §§ 24, 30).**

3. Under Laws of 1923, page 423, Section 23, subdivision 1, and page 427, Sections 24, 30, taxpayer not granted a hearing on proposed assessment of additional income taxes was denied due process of law in violation of state and federal Constitutions and Income Act itself.

**Constitutional Law—Taxpayer's Affidavit of Objections to Additional Income Tax and Commission's Denial of Revision Held not Equivalent to Hearing Satisfying Due Process.**

4. Taxpayer's filing of its objections in the form of an affidavit to proposed assessment of additional income taxes and commission's denial of application for revision of tax *held* not equivalent to hearing within due process requirement of state or federal Constitutions.

**Pleading—Plaintiff, Suing to Enjoin Collection of Additional Income Tax Alleging Payment of All Tax Due, Held Entitled to Judgment on Pleadings After Demurrer to Complaint and State's Election to Stand Thereon.**

5. Where plaintiff, suing to enjoin collection of additional income taxes, alleged certain payments, and that the total paid was all the tax penalty and interest due, and further that all statements and information set forth in tax return showing large item

---

1. See 21 R. C. L. 506.
2. Right to notice or opportunity to be heard in taxation proceedings, see note in L. R. A. 1916E, 5. See, also, 26 R. C. L. 345.

of loss were true, *held* demurrer to complaint, and the state's election to stand thereon, entitled plaintiff to judgment on pleadings; state being required, if it decided to challenge correctness of the tax paid, or the deduction on account of the loss, to do so by answer.

**Taxation—Plaintiff, Suing to Enjoin Collection of Additional Income Taxes, Held not to have Adequate Remedy at Law Under Statute (Laws 1923, p. 427, § 31).**

6. The remedy at law for recovery of additional income tax paid, afforded by Laws of 1923, page 427, Section 31, *held* not an adequate remedy at law, precluding equitable relief in suit to enjoin election of tax.

**Taxation—Equity will not Enjoin Collection of Tax for Mere Irregularity, nor if Remedy at Law Exists.**

7. Equity will not enjoin the collection of a tax for mere irregularity in proceedings nor where an adequate remedy at law is available.

**Appeal and Error—Objection That Plaintiff had Remedy at Law Held Waived, Where not Raised in Lower Court.**

8. In suit to enjoin collection of tax, objection that plaintiff had an adequate remedy at law *held* waived by failure to raise it in lower court.

**Appeal and Error—Equity Jurisdiction cannot be Conferred by Consent, Hence Question may be First Raised on Appeal.**

9. Equity jurisdiction of subject matter of suit cannot be conferred by consent of parties, and hence question can be raised for first time on appeal.

---

Appeal and Error, 4 **C. J.**, p. 700, n. 43, 44.
Equity, 21 **C. J.**, p. 168, n. 81, p. 169, n. 87, 90, p. 170, n. 91, p. 171, n. 95, 96.
Injunctions, 32 **C. J.**, p. 248, n. 44.
Pleading, 31 **Cyc.**, p. 270, n. 95, p. 333, n. 76, p. 605, n. 19, p. 606, n. 30.
Taxation, 37 **Cyc.**, p. 766, n. 97, p. 1083, n. 13, p. 1097, n. 92, p. 1257, n. 88, p. 1258, n. 95, p. 1259, n. 97, p. 1266, n. 26, p. 1267, n. 33, 34, p. 1269, n. 41.

From Multnomah: JOHN H. STEVENSON, Judge.

In Banc.

This is a suit to enjoin the collection of an additional tax assessed against the plaintiff, Dant & Russell, a corporation, for the calendar year 1923. General demurrers were interposed to the two causes of suit alleged in the amended complaint and, upon

---

7. See 26 R. C. L. 463, 464.

the overruling of the same, the defendants answered over as to the first cause and elected to stand upon their demurrer to the second cause of suit. Plaintiff replied to the affirmative matter in the answer and thereafter moved for judgment on the pleadings. This motion was allowed and a decree entered in accordance therewith. Defendants appeal.

AFFIRMED.

For appellants there was a brief over the name of *Mr. I. H. Van Winkle,* Attorney General, with an oral argument by *Mr. Miles H. McKey,* Assistant Attorney General.

For respondent there was a brief over the names of *Messrs. Joseph, Haney & Littlefield* with oral arguments by *Mr. Bert E. Haney* and *Mr. John C. Veatch.*

BELT, J.—1. Under this state of the record, the only question presented, aside from that of jurisdiction, is whether the facts alleged constitute a cause of suit. The demurrer admitted the truth of all of the material allegations of the cause to which it was interposed and, if such were sufficient, the motion for judgment upon the pleadings was properly allowed: Section 79, Or. L.; *Owen et al.* v. *Leber et al.,* 112 Or. 136 (228 Pac. 927).

The second cause of suit, in substance and so far as material herein, alleges that plaintiff filed a duly verified return of its income for the year 1923, upon the forms prescribed by the State Tax Commission— setting out particular items and statements therein required—and that the statements and information contained in the income tax return are true and correct. Plaintiff further alleges that it has paid to the State of Oregon on account of income tax—

setting forth the amounts and dates of payment— various sums aggregating $4,831, and "that said total sum paid as aforesaid was and is all of the tax, penalty and interest due the State of Oregon on account of the plaintiff's income for the calendar year 1923"; that, notwithstanding this payment in full, the State Tax Commission assessed an additional tax for the year 1923 which, including interest, amounted to $13,456.22, and on July 15, 1925, gave written notice of such proposed assessment, whereupon plaintiff on August 5, 1925, and within thirty days of receipt of said notice of additional tax, applied to the State Tax Commission for a revision of the tax assessed. It is alleged that on September 23, 1925, without having granted a hearing, the Tax Commission notified plaintiff that its application for a revision of the tax had been denied. Plaintiff alleges that the additional tax is illegal and void and deprives it of property without due process of law; that it is in violation of both the federal and state Constitutions and the "Income Tax Act" of this state, in that the Tax Commission failed and refused to grant plaintiff a hearing upon its application for a revision of the additional tax. Plaintiff, by reason thereof, prays that the state, through its officers, be restrained from proceeding with the collection of the additional tax.

Section 23, subdivision 1, Chapter 279, Laws of Oregon for 1923, provides:

"As soon as practicable after the return is filed the tax commission shall examine it and compute the tax, and the amount so computed by the tax commission shall be the tax. * * *"

Section 24:

"*Additional taxes*—If the tax commission discovers from the examination of the return or otherwise that the income of any taxpayer, or any portion thereof, has not been assessed, it may, at any time within two years after the time when the return was due, assess the same and give notice to the taxpayer of such assessment, and such taxpayer shall thereupon have an opportunity, within thirty days, to confer with the tax commission as to the proposed assessment. * *   After the expiration of thirty days from such notification the tax commission shall assess the income of such taxpayer or any portion thereof which it believes has not heretofore been assessed and shall give notice to the taxpayer so assessed of the amount of the tax and interest and penalties, if any, and the amount thereof shall be due and payable within ten days from the date of such notice. * * "

Section 30:

"*Revision by Tax Commission*—A taxpayer may apply to the tax commission for revision of the tax assessed against him, at any time within one year from the time of the filing of the return or from the date of the notice of the assessment of any additional tax. The tax commission shall grant a hearing thereon and if, upon such hearing, it shall determine that the tax is excessive or incorrect, it shall resettle the same according to the law and the facts and adjust the computation of the tax accordingly. * * "

2, 3. It appears from the amended complaint that the plaintiff, after having received notice of the proposed assessment of an additional tax, filed in writing within the statutory time its objections thereto. It will be observed that Section 30 of the statute provides that "The tax commission shall grant a hearing thereon." It is alleged "that no hearing was granted to plaintiff by said tax commission on said application for revision." The demurrer having admitted the truth of this allegation, we are con-

fronted with the question: Was plaintiff thereby deprived of its property without due process of law? It is fundamental that when a legislature delegates to a commission or to some other subordinate *quasi*-judicial body the power to determine the amount of taxes to be assessed upon property the owner must at some stage of the proceeding have an opportunity to be heard before the tax is irrevocably fixed. Depriving plaintiff of the right to be heard was, indeed, in violation of not only the state and federal constitutions, but of the "Income Tax Act" itself. Plaintiff did not have its day in court. It was deprived of that which constitutes the very essence of due process of law: *McMillan* v. *Andersen,* 95 U. S. 37 (24 L. Ed. 335, see, also, Rose's U. S. Notes); *Spencer* v. *Merchant,* 125 U. S. 345 (31 L. Ed. 763, 8 Sup. Ct. Rep. 921); *Palmer* v. *McMahon,* 133 U. S. 660 (33 L. Ed. 772, 10 Sup. Ct. Rep. 324); *Paulsen* v. *Portland,* 149 U. S. 30 (37 L. Ed. 637, 13 Sup. Ct. Rep. 750); *McGregor* v. *Hogan,* 263 U. S. 234 (68 L. Ed. 282, 44 Sup. Ct. Rep. 50); Taylor on Due Process of Law, §§ 133 and 159.

4. It might be argued that when plaintiff filed its objections in the form of an affidavit to the proposed assessment and the application for a revision of the tax was denied, such constituted a hearing, but the Supreme Court of the United States in *Londoner* v. *Denver,* 210 U. S. 373 (52 L. Ed. 1103, 28 Sup. Ct. Rep. 708, see, also, Rose's U. S. Notes), answered thus to the contrary:

"But we think that something more than that, even in proceedings for taxation, is required by due process of law. Many requirements essential in strictly judicial proceedings may be dispensed with in proceedings of this nature. But even here a hearing in its very essence demands that he who is

entitled to it shall have the right to support his allegations by argument however brief, and if need be, by proof, however informal." Citing *Pittsburg etc. Ry. Co.* v. *Backus,* 154 U. S. 421, 426 (38 L. Ed. 1031, 14 Sup. Ct. Rep. 1114); *Fallbrook Irr. Dist.* v. *Bradley,* 164 U. S. 112 (41 L. Ed. 369, 17 Sup. Ct. Rep. 56).

In support of this conclusion also see *Stuart* v. *Palmer,* 74 N. Y. 183 (30 Am. Rep. 289); *Denver* v. *State Investment Co.,* 49 Colo. 244 (112 Pac. 789); *Erie R. R. Co.* v. *Paterson,* 79 N. J. Law, 514 (76 Atl. 1065). If, in fact, plaintiff was granted a hearing, it was a matter susceptible of proof and issue on that phase of the case should have been joined by answer.

5. It also appears from the amended complaint that plaintiff has paid the amount of the income tax for the calendar year 1923. If this be true, it is difficult to conceive of any reasonable basis for the collection of an additional tax. It is urged that the allegations relative to payment are conclusions of law upon which no issue could be joined. The tax return was set out *in haec verba* and attached as an exhibit to the amended complaint and, if the statement as to the amount of gross income, deductions and exemptions therein specified is true, as it is alleged to be, it follows that the amount of net income stated in the return is necessarily correct. We take it from the briefs submitted on behalf of the state—although the question is not strictly before us—that the real controversy hinged upon the deduction of a loss of $205,752.66 which plaintiff claims to have sustained during the calendar year 1923. It is the contention of the commission that this loss was sustained prior to such year and is, there-

fore, not a deductible item. In the tax·return, however, among the items of deduction, it is thus listed: "This firm lost on Christensen, Hanify and Weatherwax, co-partnership, during year, $205,752.66," and in reference to this return, plaintiff alleges "that all and singular the statements and information set forth in said income tax return were and are true and correct." If the Tax Commission desired to challenge this deduction, it should have been by answer and not by demurrer.

6, 7. It is urged that, under Section 31 of the above Income Tax Act., plaintiff had an adequate remedy at law to review the action of the commission in making such additional assessment and, therefore, there is no ground for the interposition of a court of equity. There is great diversity of opinion among the authorities as to when equity will interfere, if at all, to enjoin the collection of a tax: Cooley on Taxation (4 ed.), § 1640; Pomeroy's Equity Jurisprudence (4 ed.), Volume 4, Chapter 19, wherein the cases from the various jurisdictions are collated. The conclusion of the writer, after considerable research and study, is that no hard-and-fast rule can be stated for determining when equity should thus intervene. Since the granting of injunctive relief is a matter of discretion, it is wiser to determine each case in the light of its particular facts and circumstances. It may be stated, however, with some degree of certainty, that, in this jurisdiction, equity will not enjoin the collection of a tax for mere irregularity in the proceedings (*Nicholas* v. *Yamhill County,* 102 Or. 615 (192 Pac. 410, 203 Pac. 593), and cases therein cited, and certainly not where an adequate remedy at law is provided. In the instant case, however, plaintiff's rights have been substan-

tially violated. It is not a question of an irregularity, but one where there has been a deprivation of a constitutional right. This court deemed it proper in *Leach* v. *Port of Tillamook,* 62 Or. 345 (124 Pac. 642), to grant injunctive relief where there was an attempt to levy a tax on plaintiff's property situated outside of the Port of Tillamook. If such was a proper case for the intervention of equity, it would seem that similar relief should be granted where there is an attempt to levy upon property for the purpose of collecting a tax which has already been paid. The right to such relief was also recognized in *Standard Lbr. Co.* v. *Pierce et al.,* 112 Or. 314 (228 Pac. 812).

8. At any rate, we think the objection that plaintiff has no right to proceed in equity for the reason that he has an adequate remedy at law comes too late and has been waived. Plaintiff selected the forum and defendants submitted to the jurisdiction of the court by joining issue relative to the first cause of suit and alleging affirmative matters in defense thereto. The granting of injunction to enjoin the collection of a tax is a matter not beyond the pale of equity jurisdiction and if defendants had objected thereto, it should have been made known in the trial below. As stated in *Reynes* v. *Dumont,* 130 U. S. 354 (32 L. Ed. 934, 9 Sup. Ct. Rep. 486), and quoted with approval in *Maxwell* v. *Frazier,* 52 Or. 183 (96 Pac. 548, 18 L. R. A. (N. S.) 102):

"If a defendant in a suit in equity answers and submits to the jurisdiction of the court, it is too late for him to object that the plaintiff has a plain and adequate remedy at law. This objection should be taken at the earliest opportunity. The above rule must be taken with the qualification that it is compe-

tent for the court to grant the relief sought and that it has jurisdiction of the subject matter."

Also, see *Kitcherside* v. *Myers,* 10 Or. 21.

9. Of course, if equity had no jurisdiction of the subject matter of the suit, it could not be conferred by consent of parties and the question could be raised for the first time on appeal.

It would be decidedly preferable to dispose of this case on the merits, and not upon the pleadings, but, under the record, we are constrained to hold that the motion for judgment on the pleadings was properly allowed.

The decree of the trial court is therefore affirmed.

AFFIRMED.