Argued June 4, decided June 25, rehearing denied July 30, 1912.

## LEACH v. PORT OF TILLAMOOK.

[124 Pac. 642.]

TAXATION—INJUNCTION—VOID LEVY.

Where a tax levy is void because without the territorial limits of the taxing body, it may be enjoined.

From Tillamook: HENRY L. BENSON, Judge.

Statement by MR. JUSTICE BEAN.

This is a suit by W. H. Leach and Eva M. Leach against the Port of Tillamook, H. T. Botts, A. G. Beals, D. Fitzpatrick, James Walton, Jr., and M. F. Leach to remove a cloud upon title to real estate, created by the officers of the defendant port levying a tax, and to enjoin such proceedings. The circuit court sustained a demurrer to the complaint and dismissed the suit. Plaintiffs appeal.

The plaintiffs allege, in substance, that they are citizens and taxpayers in Tillamook County; that they are owners of real and personal property in such county, situated outside the limits of the Port of Tillamook, but claimed by defendants to be within the boundaries of the port, and subject to taxation therein; that defendants have levied a tax upon their land and other property in a like situation, and that the same is illegal; that they have attempted to issue municipal bonds and subject the plaintiffs' real estate to the payment thereof; that the Port of Tillamook was created by virtue of the act of the legislative assembly of 1899 (Laws of 1899, p. 419 *et seq.*) ; that it was duly organized, and has since existed as a *quasi* municipal corporation; that an attempt was made under the provisions of Chapter 39, Laws of 1909, to extend the boundaries of the port so as to include the plaintiffs' property; that a petition was filed with the county court July 7, 1909; that a special election was ordered and held August 31st of that year; that, the vote

for incorporation being favorable, the county court pro-
claimed the territory of the old port and a large additional
area described in the petition and order, including plain-
tiffs' lands, incorporated as a municipal port; that the
voters in the territory attempted to be annexed were
overwhelmingly opposed to being brought into the port
and voted against it; that thereafter a board of commis-
sioners were appointed for the port; that they qualified
and have since acted in that capacity; that such proceed-
ings are void; and that the acts of the officers are illegal.

REVERSED.

For appellants there was a brief and an oral argu-
ment by *Mr. Ralph R. Duniway.*

For respondents there was a brief and an oral argu-
ment by *Mr. H. T. Botts.*

MR. JUSTICE BEAN delivered the opinion of the court.

The election and proceedings for changing the bound-
aries of the Port of Tillamook were considered by this
court in the case of *State of Oregon ex rel.* v. *Port of
Tillamook et al.,* 62 Or. 332 (124 Pac. 637), wherein an
opinion was rendered on the 18th of June, 1912. There-
fore we will not discuss the same questions here. It was
there held that, under our constitution, the legal voters
of the corporation were not authorized to annex new ter-
ritory to the port without the acquiescence of the voters
of the part proposed to be annexed, and that such pro-
ceedings were a nullity; that the area embracing plain-
tiffs' property was not within the corporate limits of the
Port of Tillamook. The remaining question is: Can the
plaintiffs maintain this suit to restrain the collection of
a tax alleged to be illegal for the reason that the property
upon which it was levied was not subject to such tax, and
that the officers attempting to make the levy were acting
without authority therefor?

The governing rule in a suit in equity for such purpose is summarized, and authorities collated by Mr. Justice BEAN, in *Yamhill County* v. *Foster,* 53 Or. 124, at page 132 (99 Pac. 286, at page 289), as follows:

"It is a general rule that a court of equity will not interfere to restrain the collection of public revenue for mere illegality or irregularity in the proceedings, but its jurisdiction is confined to cases where the tax itself is not authorized by law, or is assessed on property not subject to taxation, or the persons exacting it are without authority in the premises, or have proceeded fraudulently, or some other ground of equitable interference is shown. *Welch* v. *Clatsop County,* 24 Or. 452 (33 Pac. 934) ; *Hibernian Benevolent Society* v. *Kelley,* 28 Or. 173 (42 Pac. 3 : 30 L. R. A. 167 : 52 Am. Rep. 769) ; *Alliance Trust Co.* v. *Multnomah County,* 38 Or. 433 (63 Pac. 498) ; *State R. Tax Case,* 92 U. S. 575 (23 L. Ed. 663)."

This announcement was quoted by Mr. Justice BURNETT, and followed in the recent case of *Callender Navigation Co.* v. *Pomeroy,* 61 Or. 343 (122 Pac. 758). The same principle was adhered to in *Bennett Trust Co.* v. *Sengstacken,* 58 Or. 333 (113 Pac. 863) ; *McKeon* v. *City of Portland,* 61 Or. 385 (122 Pac. 291) ; *Terwilliger Land Co.* v. *City of Portland,* 62 Or. 101 (123 Pac. 57) ; *Carman* v. *Woodruff,* 10 Or. 133; *State* v. *Pennoyer,* 26 Or. 205 (37 Pac. 906: 41 Pac. 1104: 25 L. R. A. 862) ; *Brownfield* v. *Houser,* 30 Or. 534 (49 Pac. 843).

The officers of the port had no authority to levy a tax on the plaintiffs' property situated outside of the corporate limits of the Port of Tillamook. *Callender Navigation Co.* v. *Pomeroy,* 61 Or. 343 (122 Pac. 758). We think the complaint shows that the plaintiffs have a cause of suit and that the demurrer should have been overruled. The decree of the lower court must therefore be reversed, and the cause be remanded for such further proceedings as may be proper, not inconsistent herewith; and it is so ordered.                    REVERSED.