103 So.2d 165

**WATER WORKS AND SANITARY SEWER BOARD OF THE CITY OF MONTGOMERY, et al.**

v.

**Woodley C. CAMPBELL.**

**3 Div. 806.**

Supreme Court of Alabama.

March 6, 1958.

Rehearing Denied June 12, 1958.

Knabe & Nachman and Jones, Murray & Stewart, Montgomery, for appellants.

Godbold, Hobbs & Copeland, Montgomery, for appellee.

MERRILL, Justice.

This cause was here previously on demurrer, 262 Ala. 508, 80 So.2d 250. It was then pointed out that we do not decide declaratory judgment cases on demurrer where one of the parties objects to a determination at that time. The instant case is an appeal from a final decree after the taking of testimony.

In 1930, Jett M. Thomas owned 115 acres of unimproved land. The City of Montgomery desired an easement across this property to construct and maintain a sewer line. On May 13, 1930, Thomas deeded the easement to the city and received a covenant from the city that no charge for sewer service would ever be levied by the city against this property of Thomas, his heirs or assigns, including individual lots, except that tapping fees were not exempted. (The pertinent part of the deed is reported).

The complainant Campbell, who owns a lot in the 115 acre tract, brought this suit for a declaratory judgment for himself and other members of his class similarly situated. The bill shows that appellants

are levying and collecting a sewer charge from the property owners who live on the tract and derive their title from Thomas.

The trial court held that appellee and the others similarly situated "are exempt by the plain language of the covenants from paying any charge for the use of the sewer serving said property."

The appellant argues that the decree should be reversed because:

(1) the validation proceeding with respect to the bonds issued by appellant was res judicata to the issues raised here;

(2) the covenants in the deed were personal to Thomas and do not go to subsequent purchasers;

(3) the grant of free use of the sewer is ultra vires and void;

(4) the sewer, being in a dedicated street, is subject to any legitimate use of it by the city irrespective of the contract with Thomas.

■ The first contention is answered by the decision in MacMahon v. Baumhauer, 234 Ala. 482, 175 So. 299, 304. There, the contract stated that "the intent of this instrument being to preserve to the person therein named, and their property, and to their heirs, executors and assigns, the perpetual free use of said sewer with no liability upon them or their property to contribute hereafter toward the further building and construction or maintenance and operation of the sewer." The intervenor Otto held under one of the parties named in the contract. This court said that "the validation proceedings in question could not defeat the property right of the user of the sewerage without charge that was reserved in the contract of sale and purchase to the city to the several owners of the original Conti system of sewerage. That free use was protected by a covenant running with the land. Patterson v. Atlantic Coast Line R. Co., 202 Ala. 583, 81 So. 85. Of this right such original owners and grantors could not be

divested except by due process of law—due notice and right to defend or maintain such right of property.

\* \* \* \* \* \*

"The rule of res adjudicata that obtains in this court (citing cases) is not to be applied as against Otto, his grantor, and those similarly situated."

As to the validation proceedings, we think Otto and the appellee Campbell occupied the same position.

■ We think the Baumhauer case, supra, answers the second contention. Also, a mere reading of the clear terms of the contract evinces unmistakably that the heirs or assigns of Thomas were exempted as well as the grantors. See Virgin v. Garrett, 233 Ala. 34, 169 So. 711; Weil v. Hill, 193 Ala. 407, 69 So. 438; McMahon v. Williams, 79 Ala. 288.

■ We cannot agree that the execution of the contract by the city was ultra vires. In Oliver v. Water Works and Sanitary Sewer Board, 261 Ala. 234, 73 So.2d 552, 554, we recognized the authority of the city to contract for free use of sewers, and said:

"* * * Until the city has accepted such dedication, it can of course prohibit the connection of that system with its own, or can permit it on such terms as may be agreed on. And the right, duty and powers of the city as to the free use of such system may depend upon stipulation, and not upon the statutes, supra. MacMahon v. Baumhauer, 234 Ala. 482, 175 So. 299."

Appellee introduced in evidence a contract between the appellant and the West Boylston Manufacturing Company of Alabama, dated October 22, 1952, whereby the company was exempted from the payment of any sewer service charge and was to be furnished sewer services without charge by appellant. It is conceded that appellant had the authority to so contract, and that authority is given by Tit. 37, §§ 507 and 601, Code 1940. It thus appears that the

**566**

city, in 1930, and the Board, in 1952, thought the best interests of the public could be served by exempting certain territory from sewer charges.

 It is conceded that "when the city is operating a utility for public use, it is engaged in a proprietary or business enterprise," and the operation of the system by appellant is not a governmental function. Waterworks and Sanitary Sewer Board v. Dean, 260 Ala. 221, 69 So.2d 704, 707. We think the following from Coit v. City of Grand Rapids, 115 Mich. 493, 73 N. W. 811, 813, where the city acquired an easement for a sewer and in return covenanted that the lands should not be assessed for the construction and maintenance of the sewer, is applicable here:

"* * * The contract was fairly and in good faith made, and is fully executed. The city had derived, and is in the full enjoyment of, all its benefits. It cannot and does not offer to restore the consideration, or place plaintiffs in statu quo. If we conceded the premises assumed by defendant, viz. that the contract was wholly ultra vires, we might be compelled to reach the conclusion that the city could not be estopped to set up its invalidity. The defense of ultra vires in this case is most inequitable and unjust. It should not be sustained unless the rigid rules of law require it. 'The good faith of government should never be held less sacred than that of individuals.' * * *"

Certain it is that as between individuals, we would enforce the contract before us. The legal obligation and morality of the city or one of its boards should equal that of the marketplace.

 The fourth contention is without merit. The dedication of the street under which the sewer is built occurred many years after the right of free use of the sewer had vested and could not have any effect upon the issues in this proceeding.

Appellant has cited 31 cases in its excellent brief. Every one of them has been read and studied. We do not prolong this opinion by a discussion of them, but each has received our careful consideration.

Since the operation of the system by appellant is not a governmental function, and the city had a right to make the agreement with Thomas, and the agreement itself is clear and unambiguous, and was fairly and in good faith, made, we are convinced that the decree of the lower court should be affirmed.

 Appellee has filed a motion for an allowance of an attorneys' fee for services rendered in this cause since the allowance of such fees in the court below. An additional allowance of $1,000 is hereby made to be payable out of the funds to be returned to appellee and those similarly situated. Water Works and Sanitary Sewer Board of Montgomery v. Sullivan, 260 Ala. 214, 69 So.2d 709.

Affirmed.

LIVINGSTON, C. J., and LAWSON, SIMPSON and COLEMAN, JJ., concur.