190 So.2d 279

## CITY OF BIRMINGHAM
v.
### Morris N. BOULDIN et al.
6 Div. 263.

Supreme Court of Alabama.
Aug. 25, 1966.

J. M. Breckenridge, John S. Foster and Wm. W. Conwell, Birmingham, for appellant.

Griffin & Wilson, Birmingham, for appellees.

MERRILL, Justice.

This is an appeal, with an alternative petition for mandamus, from a decree, dated September 9, 1965, of the Jefferson County Circuit Court, in Equity, which directed the Tax Collector, the Director of Revenue and the Probate Judge of Jefferson County to return certain taxes received by them, as taxes formerly due the City of Homewood, to the persons from whom they had received said taxes, and denying the request that Bouldin's attorneys be allowed a solicitor's fee out of the taxes returned.

This case grew out of the main case, City of Birmingham v. Bouldin et al., Ala., 190 So.2d 271,[1] this day decided. In that case, the trial court, on July 6, 1965, entered a final decree holding the annexation election previously held in Homewood to be void because the required statutory notice was not given. On August 5, still within "term time" and while the decree was within the trial court's control, Bouldin, who had challenged the validity of the election as a citizen and taxpayer of Homewood, filed a petition seeking a distribution to Homewood taxpayers of tax funds collected from them by the City of Birmingham subsequent to the election, an order prohibiting the collection of any additional taxes because of the void election, and a reasonable attorney's fee for services rendered. The hearing on the petition was set for August 13, but on August 12, at the request of the City of Birmingham, the hearing was continued until September 3. The hearing was held on that date and the court rendered the decree on September 9, 1965, from which Birmingham appealed and filed its alternative petition for mandamus.

Birmingham's position is that, since it appealed the main case to this court on August 27, 1965, the trial court had no jurisdiction to enter its decree of September 9. If that court had no jurisdiction, then the September 9th decree would be void,

I. Ante p. 76.

and since a void decree will not support an appeal, the cause was also submitted here on the alternative writ of mandamus.

■ We agree with appellant that the general rule is that while an appeal is pending in this court, the trial court is without jurisdiction to render a decree affecting the rights of the parties involved in said appeal. Bell v. King, 210 Ala. 557, 98 So. 796; Kinney v. White, 215 Ala. 247, 110 So. 394.

■ But the general rule does not apply here. The trial court, in its decree in the main case, dated July 6, expressly reserved jurisdiction of the tax matters in the following language:

"(7) Jurisdiction is reserved for the purpose of making such orders and decrees as may be hereafter needed or required for directing the disposition of tax monies and for the guidance and protection of governmental agencies."

This was necessary because Birmingham had begun the taking over of the governmental functions of Homewood, including the collection of taxes immediately after the result of the annexation election of August 11, 1964, which showed that Homewood had favored the annexation to Birmingham by a margin of six votes. The trial court wisely retained jurisdiction of these matters and did not err in its handling of them in the decree of September 9.

We cannot agree that the trial court was without jurisdiction to make the orders it did respecting the collected taxes in the decree of September 9.

As to appellant, the decree is affirmed.

### Cross Appeal

This cross appeal by Bouldin charges error in disallowing attorney's fees for his attorneys and in the taxation of the costs.

The money involved in the cross appeal is that which has been held in special accounts pending the outcome of the suit. The Homewood rate of taxation was $3.35 and the Birmingham rate was $3.60. After the favorable vote on annexation on August 11, 1964, the taxing authorities began, on October 1, 1964, collecting taxes on property in Homewood at the Birmingham rate. Pursuant to an order of this court pending final determination, they refunded the taxes to Homewood at its rate ($3.35), but retained the amount collected representing the difference between the two rates with the understanding that it would be retained by them pending the final outcome of the litigation.

Bouldin's contention is that this is a common fund, due him and many other taxpayers in Homewood, and since his suit results in the other taxpayers receiving refunds, his attorneys should be paid out of this common fund. We have allowed attorney's fees in some cases. See Penney v. Pritchard & McCall, 255 Ala. 13, 49 So. 2d 782, 22 A.L.R.2d 1430; Water Works & Sanitary Sewer Board of Montgomery v. Sullivan, 260 Ala. 214, 69 So.2d 709; Troy Bank & Trust Co. v. Brantley, 263 Ala. 428, 82 So.2d 618; Water Works & Sanitary Sewer Board of City of Montgomery v. Campbell, 267 Ala. 561, 103 So.2d 165.

Here, the trial court disallowed the claim for attorney's fees. No reason or finding of fact was given or made. It may have been because the trial court knew that Bouldin had been assured by other citizens of Homewood that his legal expenses would be underwritten if he filed the original suit. That was the understanding when he filed it. City of Birmingham v. Bouldin, Ala., 190 So.2d 271,[2] this day decided. Thus, it could not be said accurately that Bouldin brought this fund into court or bore the financial burden at his own expense.

■ Our decisions are uniform to the effect that in matters of this character much must necessarily be left to the sound discretion of the trial court. King v. Smith, 247 Ala. 1, 22 So.2d 336; Broughton v. Nance, 244 Ala. 499, 14 So.2d 505.

■ We are not inclined to disturb the holding of the trial court on this question,

2. Ante p. 76.

and find no error or abuse of judicial discretion in its ruling.

■ The next cross-assignment of error reads:

"7. The trial Court erred in holding as a part of the decree of September 9, 1965, as follows: '(6) In event it is impossible through the exercise of normal diligence to locate or make refunds of any sums due, then said officials shall so report to this Court which, by order, will make disposition of such unclaimed funds. The aforesaid officials are requested by this order to keep an accounting of the cost of making such refunds, since the Court will give consideration in connection with any undistributed or unclaimed funds, to apply same toward the actual cost of making the refunds herein ordered.'"

This is a reasonable order. It does not promise to use any unclaimed funds for the purpose of paying the administrative costs of refunding the taxes, but it does state that the court will consider such a request. We see no cogent reason why such unclaimed funds, if any, could not be used, if so ordered by the court, to defray reasonable administrative costs of making the refunds. We find nothing in the trial court's order which is contrary to our holding in Dozier v. Payne, 244 Ala. 476, 14 So.2d 376, the only case cited by cross appellant on this point.

■ The final cross-assignment of error reads:

"8. The trial Court erred in holding as a part of the decree of September 9, 1965, as follows: '(8) The taxation of the costs of this petition hereby is held in abeyance pending refund of the sums herein ordered and determination whether there will be any sums which cannot reasonably be refunded and which might be applied to the payment of costs of this petition in event of the availability of any such funds therefor. The respective officials, Tax Collector, Probate Judge, and Director of the Department of Revenue of Jefferson County, Alabama, hereby are directed to report the distribution or refund of said sums, herein ordered, to this court within sixty days from the date of this order.'"

We think this is a reasonable order. If the court finds there are taxes which cannot be reasonably refunded, the court would apply them to the payment of the costs of this suit. We think it is apparent that Bouldin can be found and refund made to him and it would appear that he has no complaint if the amounts due some unlocated taxpayer should be applied to the court costs.

■ Equity Rule 112 gives the court the power to apportion costs. "In equity the matter of costs rests largely in the discretion of the chancellor." Thompson v. Bryant, 251 Ala. 566, 38 So.2d 590; Lucas v. Lucas, 258 Ala. 515, 64 So.2d 70. We cannot say that there was an improper exercise of the trial court's discretion on this question. See Troy Bank & Trust Co. v. Brantley, 263 Ala. 428, 82 So.2d 618, where we approved the assessment of costs against the successful party where the question decided in the main case was not, as here, free from doubt, and the result redounded to the benefit of the prevailing side.

The argued assignments of error on the cross appeal do not present reversible error and, as to the cross appeal, the decree is affirmed.

There being no reversible error presented on either the appeal or the cross appeal, the decree is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.