477 P.2d 153

**A. Foss PETERSON et al., Plaintiffs and Respondents,**

**v.**

**BOUNTIFUL CITY, a municipal corporation, and Davis County, a body politic of the State of Utah, Defendants and Appellants.**

**No. 12045.**

Supreme Court of Utah.

Nov. 20, 1970.

Crockett, C. J., concurred in the result and filed opinion.

George K. Fadel, Bountiful, for defendants and appellants.

David E. West of Armstrong, Rawlings, West & Schaerrer, Salt Lake City, for plaintiffs and respondents.

ELLETT, Justice:

This is an action to recover taxes paid under protest and arose out of the following factual situation:

In December, 1966, the defendant City purported to annex 108 acres of adjoining land. The annexation ordinance was protested, and on December 12, 1967, this court held it to be invalid and of no force and effect [1] for the reason that the majority of the landowners had not requested it as required by Section 10–3–1, U.C.A. 1953, as amended (Replacement Volume 2). While that case was pending in court, the city levied a tax upon the annexed land, which tax was collected by the defendant County along with other taxes assessed for school, county and state purposes.

---

1. Jensen v. Bountiful City, 20 Utah 2d 159, 435 P.2d 284.

These plaintiffs are owners of parcels of land purportedly annexed to the City, and each plaintiff paid his total tax as assessed by the County by means of a personal check upon which he had written "Paid under protest."

The instant action was commenced in March, 1968, to recover the amount of the tax paid insofar as it represented that assessed by the defendant City. The defendant County not having any interest in that matter took no part in the trial or in the appeal of this case and allowed the defendant City to conduct both the trial and the appeal as it saw fit.

The City raises two questions of law in this matter: First, was the annexed land de facto a part of the City so as to permit the City to levy a valid tax upon it? Second, can the plaintiffs recover part of the tax paid under protest when the part protested was not clearly defined in the notice of protest?

The weight of authority is to the effect that when annexation is attempted and thereafter held to be invalid by reason of a failure to comply with technical requirements, a de facto annexation is in existence until such time as the matter is finally determined.[2] This is the law until the validity of the annexation is properly attacked, and the defect must be the result of a *technical requirement*.

In the instant matter an attack was made forthwith upon the ordinance and was based upon the failure of the City to secure the requisite number of landowners in favor of annexation. A failure to have the majority of the owners of real property was not a technical matter at all. It was an absolute requirement before the City had any authority to consider whether or not to annex the land.[3]

Where a successful quo warranto attack is made upon a purported annexation, the law is as set out in 37 Am.Jur. Municipal Corporations, Section 32, which reads:

> * * * But if territory is improperly sought to be annexed by a municipal corporation and the annexation proceedings are successfully attacked by the state in quo warranto proceedings, the annexation does not acquire a de facto status so as to give the municipal corporation any rights thereunder.

The case of Town of Balkan v. Village of Buhl, 158 Minn. 271, 197 N.W. 266, 35 A.L.R. 470, is cited in support of this statement of the law.

Another interesting case akin to the one now before us is that of City of Birmingham v. Bouldin, 280 Ala. 85, 190 So.2d 279 (1966). There an annexation was held void because of failure to give the statutory notice. While that matter was pending in the courts, Bouldin brought a suit

---

2. See the annotation in 136 A.L.R. 187 at 204.

3. Sec. 10-3-1, supra.

to recover taxes assessed and paid on annexed land and to prohibit the city from making any further assessments. The Supreme Court of Alabama held the annexation void and thereafter affirmed the trial court's ruling that Bouldin could recover.

The Oregon case of Leach et al. v. Port of Tillamook, 62 Or. 345, 124 P. 642 (1912), also bears upon the instant matter. In that case the Port of Tillamook Authority undertook to extend its boundaries so as to include plaintiffs' land and proceeded to levy a tax thereupon. The Oregon Supreme Court held that since the owners of the annexed land were not in favor of annexation, the purported annexation was a nullity. The plaintiffs there began a suit to remove the cloud upon the title to their land resulting from the purported levy of taxes by the Port Authority. The trial court sustained a demurrer and dismissed the complaint. The Oregon Supreme Court reversed, holding that the plaintiffs did have a cause of action.

Based upon the foregoing authority, we hold that the tax assessed by Bountiful City upon the land of these plaintiffs was and is void.

Section 59–11–11, U.C.A.1953, reads:

In all cases of levy of taxes, licenses, or other demands for public revenue which is deemed unlawful by the party whose property is thus taxed, or from whom such tax or license is demanded or enforced, such party may pay under protest such tax or license, or any part thereof deemed unlawful, to the officers designated and authorized by law to collect the same; and thereupon the party so paying or his legal representative may bring an action in any court of competent jurisdiction against the officer to whom said tax or license was paid, or against the state, county, municipality or other taxing unit on whose behalf the same was collected, *to recover said tax* or license *or any portion thereof paid under protest.* [Emphasis added.]

 The City contends that plaintiffs cannot recover taxes paid because they did not designate the part being protested. It relies upon the case of Neilson v. San Pete County, 40 Utah 560, 568, 569, 123 P. 334, 337 (1912), wherein the following language is used:

* * * It is also clear that the taxes, licenses, or demands referred to in that section are such as are "deemed unlawful" by the taxpayer before payment is made. Such taxes, licenses, or demands may, however, not be deemed unlawful by the officers who are required to collect them, and hence the taxpayer is required to indicate to the officers what portion he deems unlawful, and thus pay such part under protest for the purpose of laying a foundation for an action to test their legality. Under such circumstances, it is

but fair and just that the taxpayer be required to indicate what portion of the tax he will contest on the ground of illegality, so that the officers can govern themselves accordingly in making the proper apportionment of the taxes.

It is to be noted that the language used was mere dictum. The plaintiff had made no protest at all in paying his taxes, and this court permitted the recovery under another section of the statute which provided for recovery of taxes which the county had no authority to tax. The action was for money had and received and would be allowed regardless of whether the taxes were paid under protest or not. The emphasized part of the statute above set out makes it evident that one may recover a part of the tax paid under protest. It is not necessary to limit the protest to the amount to be recovered.

■ Since the action to recover the tax paid under protest must be commenced within six months, there is no overriding public interest to compel an exact delineation of the tax claimed to be invalid. It is sufficient to establish it at trial, at which time a party may have judgment for only so much of the tax paid under protest as he can show to be wrongfully assessed.

The judgment of the trial court is affirmed. No costs are awarded.

CALLISTER, and TUCKETT and HENRIOD, JJ., concur.

CROCKETT, Chief Justice (concurring in the result):

I concur in the result because the purported tax was attempted to be levied upon property upon which there had never been a valid annexation to Bountiful City. On the point as to the payment under protest I make this observation: It seems to me that both fairness and the orderly handling of public business require that where an aggregate tax is paid, composed of levies for a number of government agencies, and where only one of the taxes involved is in controversy and paid under protest, the taxing authorities are entitled to notice as to which tax is so paid under protest as stated in the Neilson v. San Pete County case referred to in the main opinion. Otherwise, in some instances some minor tax might have the effect of improperly and unfairly holding up the fiscal operations of other taxing units. However, under the circumstances here shown, where there was an existing controversy, known to the public officials, concerning the annexation in question, there is no question but that the tax collecting authorities had knowledge of which tax the "paid under protest" referred to. I therefore concur in affirming the judgment of the trial court.