**Olaf T. STEVENSEN, Jr.; and Barbara Ann Stevensen, Plaintiffs and Appellants,**

v.

**Arthur L. MONSON, Salt Lake County Treasurer; and Salt Lake County, Defendants and Appellees.**

No. 920544–CA.

Court of Appeals of Utah.

March 4, 1993.

Certiorari Denied Aug. 3, 1993.

**356**

David J. Hodgson (argued), Salt Lake City, for appellants.

David E. Yocom, Salt Lake Cty. Atty., and Mary Ellen Sloan (argued), Deputy Salt Lake Cty. Atty., Salt Lake City, for appellees.

Before BENCH, JACKSON and RUSSON, JJ.

## OPINION

**PER CURIAM:**

This is an appeal from the dismissal of an action to recover taxes paid under protest on the basis that the action was not commenced within the statute of limitations. We reverse and remand for further proceedings on the complaint.

For purposes of our review of the grant of the motion to dismiss, we adopt the appellant's statement of facts. Stevensens sold commercial real property consisting of several parcels known as the Salt Lake Athletic Club & Spa in 1980. They retained legal title as security for payment. Under the contract, the purchaser was required to pay taxes on the property. A portion of the property was extensively damaged in 1984, and the purchaser subsequently defaulted in payments on the contract. In 1986, the Stevensens requested Salt Lake County to send them the tax notice for the property. The Stevensens erroneously assumed that the tax notice they received covered the entire property, but the notice did not include the damaged portion. During the years 1980 to 1989, the Stevensens did not receive tax notices on the damaged portion of the property. In 1989, the Salt Lake County Treasurer notified the Stevensens that this portion was to be sold at a final tax sale for delinquent taxes. The Stevensens ascertained from the Salt Lake County Assessor that the tax notices on the damaged portion had been sent to the wrong address and returned as undeliverable. On January 25, 1990, pursuant to a timely appeal of the 1989 valuation, the Salt Lake County Board of Equalization adjusted the annual tax on the damaged portion, reducing the tax by 69.87% beginning for tax year 1989.

On July 31, 1990, the Stevensens filed a verified complaint alleging that for the years 1984 through 1988, Salt Lake County improperly and illegally collected, assessed, and imposed certain property taxes, penalties, and interest on the damaged portion, which Stevensens paid under protest on May 18, 1989 in the amount of $77,861.39. The defendants Salt Lake County Treasurer and Salt Lake County moved for dismissal, asserting that the six month statute of limitations in Utah Code Ann. § 78–12–31(2) (1992) barred the action against either defendant.

Utah Code Ann. § 59–2–1327 (1992) states:

> Where a tax is demanded or enforced by a taxing entity, and the person whose property is taxed claims the tax is unlawful, that person may pay the tax under protest to the county treasurer. The person may then bring an action in the district court against the officer or taxing

entity to recover the tax or any portion of the tax paid under protest.

Utah Code Ann. § 78–12–31(2) (1992) provides a six month statute of limitations for an action against "an officer, or an officer de facto" to recover "money paid to any such officer under protest, or seized by such officer in his official capacity, as a collector of taxes, and which, it is claimed, ought to be refunded." The trial court concluded that the six month statute of limitations applied to the claims against the County as well as the county treasurer. Stevensens do not dispute that section 78–12–31(2) precludes an action against the county treasurer beyond the six month period, but contend that an action against the County is subject to the general four-year statute of limitations contained in Utah Code Ann. § 78–12–25 (1992).

Because Stevensens purport to rely upon section 59–2–1327, our inquiry in this appeal is limited to whether an action under that section against the County is subject to the six month statute of limitations in section 78–12–31(2).

Stevensens urge this court to interpret section 78–12–31(2) according to its plain meaning as applying only to claims against an "officer or officer de facto," while the County contends that an action under section 59–2–1327 must be commenced against the treasurer within the same period of time applicable to the treasurer.[1] A party challenging the application of the plain meaning rule "must show either that some other section of the act expands or restricts its meaning, that the provision itself is repugnant to the general purview of the act, or that the act considered *in para materia* with other acts, or with the legislative history of the subject matter, imports a different meaning." Sutherland, Statutory Construction § 46.01 (5th Ed.1992). "If the language is plain, unambiguous and uncontrolled by other parts of the act or other acts upon the same subject the court cannot give it a different meaning." *Id.*

The County argues that sections 59–2–1327 and 78–12–31(2) must be construed *in para materia*. Because section 78–12–31(2) is the only statute of limitations that specifically addresses the payment of taxes under protest, a condition precedent to an action under section 59–2–1327, the County contends that it is reasonable to conclude that the six month limitations period was intended to apply to actions against a taxing entity as well as an officer. The County reasons that the policies of "prompt resolution of litigation and certainty of local finance" are equally promoted by application of the six month limitations period to either class of defendant. We conclude, however, that the County has not demonstrated an adequate basis for disregarding the distinction between the possible defendants in an action under section 59–2–1327, particularly where an officer "as a collector of taxes" performs a ministerial function of relatively short duration compared to a taxing entity's integral role in the taxation process. *See Raleigh v. Salt Lake City,* 17 Utah 130, 53 P. 974 (Utah 1898); *see also State v. District Court of Salt Lake County,* 102 Utah 284, 115 P.2d 913 (1941) (reaching different result where former statute required sequestration of funds paid under protest). An appellate court cannot enlarge the meaning of a statute by adding language aimed at correcting a supposed omission or defect. Sutherland, § 46.04.

The County also relies upon *Peterson v. Bountiful,* 25 Utah 2d 126, 477 P.2d 153 (1970) and *Ponderosa One Limited Partnership v. Salt Lake City Suburban Sanitary Dist.,* 738 P.2d 635 (Utah 1987). Neither case determined the exact issue before this court, and the dicta relied upon by the County do not persuade us that the plain meaning of section 78–12–31(2) is not dispositive in this case. Accordingly, we hold that the applicable statute of limitations in this action against the County is the four year statute of limitations contained in section 78–12–25.

---

**1.** Alternatively, the County argued in the trial court and on appeal that Stevensens failed to state a claim under sections 59–2–1327 and 59–

2–1328 (1992). The trial court's dismissal was based solely upon the statute of limitations, and our disposition is limited to that issue.

The judgment of dismissal is reversed, and the case is remanded to the trial court for further proceedings on the complaint.