153 P.3d 407

**COPPER HILLS ENTERPRISES, LTD., an Arizona Corporation, Plaintiff–Appellant,**

v.

**ARIZONA DEPARTMENT OF REVENUE, Transaction Privilege & Use Tax Function, City of Globe, an Arizona municipal corporation, Defendants–Appellee.**

No. 1 CA–TX 05–0007.

Court of Appeals of Arizona, Division 1, Department T.

Feb. 15, 2007.

John R. Doody, Phoenix, Attorney for Appellant.

Terry Goddard, Attorney General by Lisa A. Neuville, Assistant Attorney General, Phoenix, Attorneys for Appellee Arizona Department of Revenue.

William F. Tifft, Globe, Attorney for Appellee City of Globe.

## OPINION

WEISBERG, Judge.

¶ 1 Copper Hills Enterprises, Ltd. ("Taxpayer") appeals the dismissal of the Arizona Department of Revenue ("ADOR") as a party to this action, and further appeals the adverse grant of summary judgment on Taxpayer's claim for refund of transaction privilege taxes paid to the City of Globe ("the City"). For the following reasons, we affirm the dismissal of ADOR, but reverse the remainder of the judgment and remand for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 Taxpayer operates the Copper Hills Hotel, Restaurant, Bar, and Gift Shop in Gila County. The business is located in "Gila County Island," an unincorporated area between the City and the Town of Miami. On July 23, 1996, the City attempted to annex Gila County Island with the passage of Ordinance No. 677. From September 1996 to December 1998, Taxpayer paid the City $98,041.20 in municipal transaction privilege tax, which is a tax on gross receipts from taxable activity. *See S. Pac. Transp. Co. v. Ariz. Dep't of Revenue*, 202 Ariz. 326, 333, ¶ 25, 44 P.3d 1006, 1013 (App.2002).

¶ 3 Subsequently, the Town of Miami successfully challenged the annexation. *See Town of Miami v. City of Globe*, 195 Ariz. 176, 177, ¶ 1, 985 P.2d 1035, 1036 (App.1998). Division Two of this court held that the City had failed to strictly comply with the requirement that the parcel annexed be contiguous to the City, which left the City "without jurisdiction to annex the parcel." *Id.* at 182, ¶ 19, 985 P.2d at 1041. On remand, the trial court entered judgment, concluding that the

annexation ordinance was "invalid and of no further force and effect from, and after, the date hereof."

¶ 4 Taxpayer then filed two refund claims seeking a total of $98,041.20. ADOR administered the claims on the City's behalf in accordance with an intergovernmental agreement. An administrative law judge issued a ruling in Taxpayer's favor, but that ruling was reversed on appeal by the ADOR director, who found that the date from which the annexation was void "was not actually litigated" in *Town of Miami* and that annexation jurisdiction existed between August 22, 1996 and November 2, 1999. Taxpayer appealed to the tax court, naming both ADOR and the City as defendants. ADOR successfully moved to dismiss itself from the lawsuit, arguing that the complaint failed to state a claim against ADOR upon which relief could be granted.

¶ 5 Taxpayer and the City then filed cross-motions for summary judgment in the tax court, which entered summary judgment in the City's favor. This appeal followed.

## STANDARD OF REVIEW

¶ 6 Summary judgment is warranted when "there is no genuine issue as to any material fact and [ ] the moving party is entitled to a judgment as a matter of law." Ariz. R. Civ. P. 56(c)(1). This court reviews a grant of summary judgment *de novo. Wilderness World, Inc. v. Ariz. Dep't of Revenue*, 182 Ariz. 196, 198, 895 P.2d 108, 110 (1995). We also review issues of statutory construction *de novo. Zamora v. Reinstein*, 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996).

## DISCUSSION

### Authority To Levy The Transaction Privilege Tax

¶ 7 A municipality's taxation jurisdiction is distinct from its ability to assert police power over an area because taxation and police power derive from separate legislative grants. *See generally, City of Flagstaff v. Assoc. Dairy Prods. Co.*, 75 Ariz. 254, 256, 255 P.2d 191, 192 (1953). If a municipality's annexation of property is illegal, it has

no right to tax the property annexed. *See, e.g., Ocean Beach Heights, Inc. v. Brown–Crummer Inv. Co.*, 302 U.S. 614, 619, 58 S.Ct. 385, 82 L.Ed. 478 (1938); *Peterson v. Bountiful City*, 25 Utah 2d 126, 477 P.2d 153, 155 (1970); Eugene M. McQuillin, *The Law of Municipal Corporations* § 44.48, at 210 (3d ed.2003). Accordingly, the crux of this appeal is whether the attempted annexation empowered the City for a limited time to levy taxes on businesses within the subject area.[1]

¶ 8 A.R.S. § 9–471(D) provides the following:

> The annexation shall become final after the expiration of thirty days from the adoption of the ordinance annexing the territory by the city or town governing body, provided the annexation ordinance has been finally adopted *in accordance with procedures established by statute*, charter provisions or local ordinances, whichever is applicable, subject to the review of the court to determine the validity thereof if petitions in objection have been filed.

(Emphasis added).[2] That statute sets forth the necessary procedures for annexation, including the following:

> A city or town shall file in the office of the county recorder ... a blank petition ... setting forth a description and an accurate map of all the exterior boundaries of the territory contiguous to the city or town proposed to be annexed[.]

A.R.S. § 9–471(A)(1). Finally, that statute provides:

> Territory is not contiguous for the purposes of subsection A, paragraph 1 of this section unless:
>
>   . . . .
>
> 3. The distance from the existing boundary of the annexing city or town where it adjoins the annexed territory to the furth-

est point of the annexed territory from such boundary is no more than twice the width of the annexed territory.[3]

*See* A.R.S. § 9–471(H). Thus, Arizona law requires that the territory to be annexed must be "contiguous" to the annexing city, as that term is defined in A.R.S. § 9–471(H). Arizona courts have required strict compliance with this procedure. *See Town of Miami*, 195 Ariz. at 179–81, ¶¶ 9–14, 985 P.2d at 1038–40.

¶ 9 The City's argument that the annexation became final hinges on the premise that it complied with all applicable procedures, including the procedures required by A.R.S. § 9–471. That premise, however, is flawed. As Division Two of this court previously opined, "the method [the City] used to determine the parcel's length/width ratio did not conform with the method required by [A.R.S.] § 9–471(H)(3)."[4] *Id.* at 182, ¶ 18, 985 P.2d at 1041. Consequently, the annexation did not comply with at least one of the procedures required by A.R.S. § 9–471(A), and therefore it did not become final. *See* A.R.S. § 9–471(D).

¶ 10 Nonetheless, the City argues that during the subject period the purported annexation was effective for taxation purposes. We, however, hold that because the City lacked the necessary jurisdiction to undertake the annexation, it was null and void.

¶ 11 In an analogous United States Supreme Court case, land owners contested the attempted annexation of noncontiguous lands by a town. *Ocean Beach Heights*, 302 U.S. at 614, 58 S.Ct. 385. The Court held that the controlling statute did not permit the annexation of noncontiguous lands. *Id.* at 617, 58 S.Ct. 385. Having failed to comply with the statute, the Court found that the town lacked both *de jure* and *de facto* authority to tax lands within the purportedly annexed area.

---

1. Contrary to the City's argument, nothing in Arizona Revised Statutes ("A.R.S.") section 9–471(D) (Supp.2006) requires a taxpayer to request injunctive relief. Nor do annexation statutes dictate the procedures for tax refund claims.

2. We note that the 2006 amendments to A.R.S. § 9–471 are not relevant to this appeal.

3. The Arizona Legislature amended the statute in 1997 to state that the territory's length cannot be more than twice the maximum width of the annexed territory. 1997 Ariz. Sess. Laws, ch. 204, § 1.

4. Pursuant to A.R.S. § 9–471(H), such territory is deemed to be not contiguous for the purposes of A.R.S. § 9–471(A)(1).

*Id.* at 617–19, 58 S.Ct. 385. Accordingly, the Court held that the town could not "restrain the petitioners from defending against levy and collection of the taxes or to any relief in this suit." *Id.* at 620, 58 S.Ct. 385; *see also Mobil–Teria Catering Co. v. Spradling,* 576 S.W.2d 282 (Mo.1978), *overruled on other grounds, Alumax Foils, Inc. v. City of St. Louis,* 939 S.W.2d 907 (Mo.1997) (finding that a municipality may not impose a tax on gross receipts derived from places of business lying outside its geographical boundaries).

¶ 12 The Arizona Supreme Court applied these principles in *Gorman v. City of Phoenix,* concluding that portions of the property to be annexed "were not contiguous to the City of Phoenix and that therefore the city commission is without jurisdiction to annex the territory involved." 70 Ariz. 59, 65, 216 P.2d 400, 404 (1950). The court held that unless a sufficient petition was filed, the city commission lacked jurisdiction to pass an ordinance of annexation. *Id.* at 64, 216 P.2d at 404.

¶ 13 In reaching its holding, the *Gorman* court reasoned:

> as a condition precedent to the enactment of the ordinance in question the legislature required under the provisions of section 16–701, supra, that a petition be presented to the city commission signed by the owners of not less than one-half in value of the property in the area sought to be annexed as shown by the last assessment and that *said area must be contiguous to the city.*

*Id.* at 64, 216 P.2d at 403–04 (emphasis added). Therefore, according to the court, the admitted failure to satisfy the requirement of contiguity in A.R.S. § 9–471(A) was also a failure to meet a condition precedent, and thus the City of Phoenix never possessed jurisdiction to annex. *Id.; see also City of Erlanger v. Am. Isowall Corp.,* 607 S.W.2d 128, 131–32 (Ky.Ct.App.1980) (holding that a failure to comply with sections requiring contiguous property or consent resulted in void annexation ordinances); *People ex rel. Karns v. Village of Caseyville,* 99 Ill.App.2d 60, 241 N.E.2d 23, 23–24 (1968) (affirming judgment in annexation challenge because the village failed to allege facts necessary to justify the

territory's annexation and the record reflected that the purportedly annexed territory was not contiguous as the relevant statute required, rendering the annexation void); *James v. City of Pittsburg,* 195 Kan. 462, 407 P.2d 503, 507 (1965) (reversing and entering judgment in favor of property owners because city acted outside its jurisdiction under a statute specifying the acreage and amount of area that must touch city's boundary line); *Sharkey v. City of Butte,* 52 Mont. 16, 155 P. 266, 267–68 (1916) (holding that city's proceedings to annex an entire tract were void *ab initio* for lack of jurisdiction because it included annexation of unplatted tracts in violation of statute); *cf. Town of Scottsdale v. State ex rel. Pickrell,* 98 Ariz. 382, 385–88, 405 P.2d 871, 873–75 (1965) (holding that the signature requirement was an "indispensable condition precedent" and the failure to comply with it deprived the town of jurisdiction to annex); *Cornman Tweedy 560, L.L.C. v. City of Casa Grande,* 213 Ariz. 1, 7–8, ¶ 31, 137 P.3d 309, 315–16 (App.2006) (holding that petition's failure to avow the absence of a prior competing petition, as required by A.R.S. § 9–471(A)(6), rendered it "defective"); *Peterson,* 477 P.2d at 155 (holding that the failure to obtain consent of a majority of all landowners was not a technical defect but "an absolute requirement before the City had any authority to consider whether or not to annex the land[;]" had the defect been technical, a *de facto* annexation might have existed until the matter was finally determined); *Leach v. Port of Tillamook,* 62 Or. 345, 124 P. 642, 642 (1912) (holding that annexation was a nullity because it was not obtained with consent of requisite number of voters in area to be annexed and consequently jurisdiction was lacking).

■ ¶ 14 Here, however, the City asserts that the subject taxation was authorized because a lower court recognized a period of annexation jurisdiction. The City reasons that the prior lower court judgment is res judicata as to the effectiveness of the annexation and operates as law of the case. We disagree with that assertion.

■ ¶ 15 Under the law of the case doctrine, an appellate court's decision is controlling in both the lower courts and in subse-

quent appeals in the same case, so long as the facts and law remain substantially the same. *See Eichman v. Fotomat Corp.*, 880 F.2d 149, 157 (9th Cir.1989); *Geissel v. Galbraith*, 105 Nev. 101, 769 P.2d 1294, 1296 (1989) (trial court violated law of the case by granting summary judgment and denying a trial on the merits as directed by the appellate court), *modified on other grounds, Willerton v. Bassham, by Welfare Div., Dep't of Human Resources*, 111 Nev. 10, 889 P.2d 823 (1995). The court to which the case is remanded can only enter orders that conform to the appellate court's judgment and cannot reach issues decided "explicitly or by necessary implication." *In re Beverly Hills Bancorp*, 752 F.2d 1334, 1337 (9th Cir.1984) (citing *Liberty Mut. Ins. Co. v. EEOC*, 691 F.2d 438, 441 (9th Cir.1982)).

¶ 16 Here, Division Two of this court previously determined that the City had no jurisdiction to annex. Consequently, the annexation never took effect, and the trial court's finding that it was effective for a period violates the law of the case doctrine. Therefore, the annexation attempted here was a nullity and failed to support the City's jurisdiction to tax. As the Arizona Supreme Court explained in *Martin v. Whiting*, a case concerning the boundaries of a school district, once an annexation is held void, it has "the effect of establishing that nothing had ever been done to change the boundaries of the High School District." 65 Ariz. 391, 394, 181 P.2d 819, 821 (1947).

¶ 17 Notwithstanding such authority, the City maintains that the trial court's finding of a period of jurisdiction is not subject to collateral attack by Taxpayer. The Illinois Supreme Court, however, has recognized, and we agree, that a taxpayer can raise the issue of whether an annexation was legal when attacking the levy of municipal taxes. *See People ex rel. Moyer v. Hausen*, 276 Ill. 204, 114 N.E. 596, 597 (1916) (taxpayers are entitled when challenging collection of municipal taxes, to raise the issue of whether their property had been legally annexed). Taxpayer, therefore, was empowered to pursue its claim for a refund.

## REFUND OF ILLEGALLY COLLECTED TAX

¶ 18 The City next argues that even if the subject taxation was not valid, it need not issue a refund. Generally, of course, once a tax is held invalid under Arizona law, the government must refund the money collected. *See Pittsburgh & Midway Coal Mining Co. v. Ariz. Dep't of Revenue*, 161 Ariz. 135, 139, 776 P.2d 1061, 1065 (1989). The guiding presumption in civil cases is that opinions will operate retroactively, *see Wilderness World*, 182 Ariz. at 201, 895 P.2d at 113, and "[a]n honorable government would not keep taxes to which it is not entitled, and the legislative scheme supports that result." *Pittsburgh & Midway Coal Mining Co.*, 161 Ariz. at 139, 776 P.2d at 1065. We will apply this decision retroactively unless the following factors dictate otherwise:

(1) Whether the decision establishes a new legal principle by overriding clear and reliable precedent or by deciding an issue whose resolution was not foreshadowed;

(2) Whether the retroactive application will further or retard operation of the rule, considering the prior history, purpose, and effect of the rule; [and]

(3) Whether retroactive application will produce substantially inequitable results.

*Wilderness World*, 182 Ariz. at 201, 895 P.2d at 113.

¶ 19 None of these factors weigh in favor of withholding the refund here. No Arizona decision allows the City to retain taxes under these circumstances, and retroactive application of the holding will not retard the operation of an existing rule. Nor will any inequity result, because: (1) there was no prior consent to the levy and the failure to pay it would have subjected Taxpayer to penalties; (2) the City never quantified the alleged benefit to Taxpayer; (3) the City had the burden to undertake and complete the annexation and levy properly; and (4) Taxpayer was the only entity to sue for a refund, meaning that the City will retain all other money collected as a result its invalid annexation.

¶ 20 Another consideration in the *Wilderness World* analysis that undermines the City's argument is the potential impact of a

retroactive application on the taxing body's financial stability. *See id.* at 201, 895 P.2d at 113. In *Wilderness World,* the Arizona Supreme Court concluded that a refund of $57,735.08 would not substantially impair this state's financial integrity. *Id.* Here, the City never quantified the impact of a refund, apart from asserting that the amount of services it bestowed on Taxpayer was in excess of $200,000 and that Taxpayer actually was getting a net benefit from the invalid annexation even without a refund. Nor did the City explain why its financial integrity would be jeopardized when it would keep all the taxes collected from other taxpayers as a result of the invalid annexation. In light of such facts, there is no justification to prevent a retroactive application of the decision and require a refund.[5]

## DISMISSAL OF ADOR

▇▇▇▇ ¶ 21 Finally, Taxpayer appeals the dismissal of ADOR, arguing that ADOR is a necessary party to the action under the rules of joinder set forth in Arizona Rule of Civil Procedure 19(a). The Arizona Supreme Court articulated the joinder test as follows:

> The test of indispensability in Arizona is whether the absent person's interest in the controversy is such that no final judgment or decree could be entered, doing justice between the parties actually before the court and without injuriously affecting the rights of others not brought into the action.

*Town of Gila Bend v. Walled Lake Door Co.,* 107 Ariz. 545, 549, 490 P.2d 551, 555 (1971). In reviewing the grant of a motion to dismiss, we accept the truth of all claims pleaded in the complaint and resolve all inferences in Taxpayer's favor. *See Johnson v. McDonald,* 197 Ariz. 155, 157, ¶ 2, 3 P.3d 1075, 1077 (App.1999). We review legal issues *de novo. Id.*

¶ 22 The compulsory joinder of parties under Rule 19 entails a three-step analysis. The court must determine: (1) if complete relief can be accorded in the party's absence; (2) whether there is a substantial risk that the existing parties could be subjected to multiple or inconsistent obligations; and (3) whether the absent party, if joinder is not feasible, is indispensable. Ariz. R. Civ. P. 19(a)(2); *see* Daniel J. McAuliffe & Shirley J. Wahl, *2 Civil Trial Practice* § 10.10, at 223 (2d ed.2001).

¶ 23 Taxpayer seeks an award against the City in the amount of the refund and interest. Because the City can afford complete relief, ADOR is not a necessary party.

¶ 24 Taxpayer contends, however, that it has never been given assurances that the actual funds are in the City's possession and not ADOR's. But, as ADOR points out, this contention is irrelevant. It is undisputed that ADOR collected the municipal tax revenues on the City's behalf. The tax collection agreement obligates ADOR to pay the collected revenues to the City on a weekly basis. Because payment to the agent constitutes payment to the principal, as a matter of law, the City has received the disputed tax payments and is liable. *See Ariz. Storage & Distrib. Co. v. Rynning,* 37 Ariz. 232, 236–37, 293 P. 16, 17–18 (1930); *cf. Maricopa County v. Hodgin,* 46 Ariz. 247, 251–52, 50 P.2d 15, 16 (1935) (holding that it was not the taxpayer's responsibility to pursue the different tax units to which the illegally levied county tax was proportioned, as the taxpayer was entitled to recover the full amount of the tax from the county, the collecting entity).

¶ 25 Furthermore, we have found no law or rule requiring a taxpayer to join ADOR in a case that does not involve state tax issues. Indeed, ADOR's actions in administering the tax were not relevant to the legal dispute. We therefore affirm the tax court's dismissal of ADOR because the court was able to resolve the issue without its involvement.

## CONCLUSION

¶ 26 For the reasons discussed above, we reverse and vacate the grant of summary

---

5. While the City also contends that the doctrines of estoppel and unjust enrichment bar the recovery of the taxes paid, it could not have reasonably relied on the legitimacy of the annexation, because the City of Miami litigation began even before the annexation order formally took effect. Consequently, no reliance or unjust enrichment could have occurred. *See City of Delphi v. Startzman,* 104 Ind. 343, 3 N.E. 937, 938 (1885) (rejecting argument that the city had acted on the faith of acquiescence in the annexation).

judgment in favor of the City on the refund issue but affirm the trial court's dismissal of ADOR. Accordingly, we direct the trial court to enter summary judgment in favor of Taxpayer and against the City in the amount of $98,041.20. On remand, the trial court will consider Taxpayer's claims against the City for interest, attorneys' fees, and costs incurred below. In addition, Taxpayer is entitled to costs and attorneys' fees incurred on appeal in accordance with A.R.S. § 12–348(B) (2003), to be paid by the City, subject to Taxpayer's compliance with Rule 21(c) of the Arizona Rules of Civil Appellate Procedure.

CONCURRING: PHILIP HALL and PATRICIA A. OROZCO, Judges.