NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JESSICA WOOTTON, *Petitioner/Appellee,*

*v.*

CHRISTOPHER MICHAEL BLAIR, *Respondent/Appellant.*

No. 1 CA-CV 15-0453 FC
FILED 4-21-2016

Appeal from the Superior Court in Maricopa County
FC2009-000863
The Honorable Susan M. Brnovich, Judge

**AFFIRMED**

COUNSEL

C. Michael Blair, Scottsdale
*Respondent/Appellant*

The Cavanagh Law Firm, P.A., Phoenix
By Christina S. Hamilton
*Counsel for Petitioner/Appellee*

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which
Presiding Judge Kent E. Cattani and Judge Randall M. Howe joined.

**T H U M M A**, Judge:

¶1          Christopher Michael Blair (Father) appeals the superior court's denial of his motion to modify parenting time and child support and the denial of his request for attorneys' fees. Father argues the court abused its discretion by denying the modifications, claiming he completed all requirements contained in prior parenting time and child support orders. Because Father has shown no error, the denials are affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2          Father and Jessica Wootton (Mother) married in 2003, and later had two children. The two divorced in 2009. In the divorce decree, the court granted Mother sole legal decision making authority, granted Father parenting time on alternating weeks and ordered Father to pay child support.[1] In March 2011, after losing his job and being jailed for violating a protection order against Mother, Father petitioned to modify child support. After a hearing, the court increased Father's child support from $494 per month to $704 per month. Father appealed and this court affirmed. *See Wootton v. Blair*, 1 CA-CV 11-0825, 2014 WL 298830 (Ariz. App. Jan. 28, 2014) (mem. dec.).

¶3          In June 2012, on Mother's motion and after a hearing, the court revoked Father's parenting time but ordered that he have supervised therapeutic visitation with the children. The court found that Father needed mental health treatment and that unsupervised parenting time would "endanger seriously the children's physical, mental, moral or emotional health." The court ordered Father to submit to a psychiatric evaluation and submit a copy of the evaluation with the court.

¶4          In March 2014, on Father's request and after a hearing, the court denied his request for unsupervised parenting time. The court adopted all of the findings from the June 2012 order, including that unsupervised visits would endanger the children. The court further found that Father had satisfied the order to submit to a psychiatric evaluation, but that he had not sought any treatment or counseling. The court ordered that Father:

---

[1] The file contains nearly 600 post-decree docket entries. Given this volume, the facts and procedural history are limited to those relevant to this specific appeal.

Shall not be entitled to a hearing regarding parenting time unless and until the following are completed by Father:

1. Six months of continuous, weekly or bi-weekly supervised visits and

2. Six months of individual therapy with a PhD level psychologist with experience in [b]ehavior modification. The therapy goals should include, but is not limited to:

   a. Exploring the cause of Father's self-defeating conduct;
   b. Modifying maladaptive behaviors;
   c. Learning positive and effective coping strategies;
   d. Improving self-awareness; and
   e. Acquiring a set of skills that would allow him to parent in a healthy and positive manner.

¶5        In October 2014, Father petitioned to modify parenting time and child support, claiming he had completed the therapy required by the March 2014 order and should be allowed to "resume a regular relationship with his children." Mother opposed the requests and, at a March 2015 evidentiary hearing, Father and Mother each testified in support of their respective positions. Mother also called forensic psychologist Dr. Erin Nelson, who had previously examined Father, to testify regarding her opinion of Father's condition and parental fitness.

¶6        In a May 2015 order, the court found Father had "done the minimum requirements ordered in June, 2014 that entitled him to request a hearing. However, he has not made any significant changes." The court found "Father is still engaging in the same behaviors that have caused concern since 2012" and has "not shown that he can engage in safe behaviors with the children if he is unsupervised." Accordingly, the court denied Father's request to modify parenting time.

¶7        For child support, the court attributed to Father his documented income of $15 per hour. The court also found that there had been no change in Mother's financial circumstances since 2011; specifically, that Mother lives in investment homes owned by a trust, receives some

money from the trust and does not have paid employment. Accordingly, the court continued to attribute to Mother monthly income of $2,191, the same amount it attributed to her in 2011. Applying the child support guidelines, the court ordered that Father's child support obligation be increased to $770 per month, given that Mother was parenting the children more each month because of the reduction of Father's parenting time. The court denied both parties' requests for attorneys' fees.

¶8        Father timely appealed the court's order. This court has jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) and -2101(A)(1) (2016).[2]

## DISCUSSION

### I.    Deficient Opening Brief.

¶9        Father, who is self-represented on appeal, appears to argue the court erred by (1) denying his request to modify parenting time and allow Father unsupervised visitation, (2) failing to properly determine Mother's income and (3) denying Father's request for attorneys' fees. Father's opening brief, however, does not comply with the requirements of the applicable rules.

¶10       An appellate brief must contain "[a] statement of facts relevant to the issues presented for review, with appropriate references to the record" and "reference shall be made to the record or page of the certified transcript where such evidence appears." Ariz. R. Civ. App. P. 13(a)(4). This court will disregard statements of fact that lack appropriate citation to the record and for which the court cannot find support in the record. *Flood Control Dist. of Maricopa Cnty. v. Conlin*, 148 Ariz. 66, 68 (App. 1985). The brief must also cite relevant authority, statutes and the relevant parts of the record, ARCAP 13(a)(6), and the failure to do so can result in the waiver of the issue on appeal, *see Joel Erik Thompson, Ltd. v. Holder*, 192 Ariz. 348, 351 ¶ 20 (App. 1998). Father's opening brief does not provide citations to the record and authority. Nevertheless, given that the best interests of children are involved, the court will exercise its discretion to address Father's appeal on the merits. *Cf. Hays v. Gama*, 205 Ariz. 99, 102 ¶ 18 (2003).

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

## II. Father Has Not Shown The Court Erred By Denying His Petition To Modify Parenting Time.

¶11 "The court may modify an order granting or denying parenting time rights whenever modification would serve the best interest of the child, but the court shall not restrict a parent's parenting time rights unless it finds that the parenting time would endanger seriously the child's physical, mental, moral or emotional health." A.R.S. § 25-411(J). "To change a previous [parenting time] order, the court must determine whether there has been a material change in circumstances affecting the welfare of the child." *Owen v. Blackhawk*, 206 Ariz. 418, 422 ¶16 (App. 2003) (citation omitted). This court reviews the court's decision for an abuse of discretion. *Id.* at 420 ¶ 7.

¶12 Father argues the record does not support the court's findings that he did not address the therapy goals required by the court or change his behavior. Although Father claims to have "met many, if not all behavioral goals," he provides no record citation for support. Moreover, Father did not provide this court with a transcript of the superior court proceeding, meaning this court assumes that transcript supports the superior court's findings and conclusions. *See Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995).

¶13 Father's argument is really a request to reweigh the evidence considered by the superior court, something this court will not do. *See In re Estate of Pouser*, 193 Ariz. 574, 579 (1999). Moreover, the portion of the record available to this court does not show that the superior court abused its discretion. Father submitted reports supporting his argument that he is a caring, affectionate parent and that he was "engaged in the psychotherapeutic process, is addressing the issues stated in the [2012] Advisement [ruling], and is making progress." The court, however, did not order supervised visits because of a lack of affection, nor did it accuse Father of refusing to attend treatment. Supervised visits were originally required because the court found Father's psychological problems endangered the children. And, here, the court denied Father's request because it found that Father has not yet successfully resolved those issues.

¶14 In short, there is no evidence in the record before this court to show that Father has resolved his behavioral issues in a manner that constitutes a substantial change of circumstances. Accordingly, the superior court did not abuse its discretion in finding that unsupervised parenting time may be harmful to the children and that modifying parenting time is not in the children's best interests.

### III. Father Has Not Shown The Superior Court Erred By Modifying Child Support.

**¶15** "[S]upport may be modified or terminated only on a showing of changed circumstances that are substantial and continuing." A.R.S. § 25-327(A). "The decision to modify an award of child support rests within the sound discretion of the trial court and, absent an abuse of discretion, will not be disturbed on appeal." *Little v. Little*, 193 Ariz. 518, 520 ¶ 5 (1999) (citing cases). "An abuse of discretion exists when the record, viewed in the light most favorable to upholding the trial court's decision, is 'devoid of competent evidence to support' the decision." *Id.* (citation omitted).

**¶16** The superior court found there was no change in Mother's circumstances since originally setting child support in 2011. Father does not argue there has been a substantial change in Mother's circumstances, but argues the superior court erred by not imputing any income to Mother for living "rent/mortgage free," and for otherwise miscalculating her income. Again, this argument is a request to reweigh the evidence, something this court will not do. *See Pouser*, 193 Ariz. at 579.

**¶17** Because Father does not even allege a change of Mother's circumstances, modifying her imputed income would have been an error. *See* A.R.S. § 25-327. Additionally, Father raised these issues in the prior appeal on a similar record, and this court resolved them against him. Because there has been no change in circumstances that would allow reconsideration of Mother's income, that decision remains the law of the case on these issues. *See Copper Hills Enters., Ltd. v. Ariz. Dep't of Rev.*, 214 Ariz. 386, 390-391 ¶ 15 (App. 2007) ("Under the law of the case doctrine, an appellate court's decision is controlling in both the lower courts and in subsequent appeals in the same case, so long as the facts and law remain substantially the same."). The court did, however, find that Father's parenting time had been reduced since the initial child support order. Given this change in circumstances, the court did not abuse its discretion by increasing Father's child support obligation.

### IV. The Superior Court Did Not Abuse Its Discretion By Denying Father's Request For Attorneys' Fees.

**¶18** "The court from time to time, after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings, may order a party to pay a reasonable amount to the other party for [attorneys' fees]." A.R.S. § 25-324(A). The superior court "has the discretion to deny a fee request even

after considering both statutory factors." *Myrick v. Maloney*, 235 Ariz. 491, 494 ¶ 9 (App. 2014).

¶19     As applied, the superior court found "that Father's positions have been unreasonable, specifically asking for the Court to attribute $8,000 per month in income to Mother and his positions on parenting time." The court also found that Mother had greater financial resources. As a result, the court denied both parties' requests for an award of attorneys' fees.

¶20     Father argues he was entitled to fees for the 2015 evidentiary hearing because Mother's position was unreasonable and the superior court erred in addressing his petition. As noted above, the court did not err in addressing his petition. In addition, Father does not expound on which of Mother's positions is unreasonable or provide any reference to the record to support the assertion. Because the record shows the court properly considered the relevant factors in addressing fees, Father has not shown the court abused its discretion in denying Father's request for fees.

## V.     Attorneys' Fees On Appeal.

¶21     Both parties have requested an award of attorneys' fees on appeal. Father was not represented by counsel on appeal and, accordingly, is not eligible for an award of attorneys' fees. In its discretion, the court declines Mother's request for attorneys' fees on appeal. Mother is, however, awarded taxable costs on appeal upon her compliance with ARCAP 21.

### CONCLUSION

¶22     The superior court's judgment is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama